**Judith MASZK, Plaintiff,**

v.

**ALUMATIC CORPORATION OF AMERICA, Defendant.**

**Civ. A. No. 82–C–173.**

United States District Court, E.D. Wisconsin.

July 27, 1983.

Thomas E. Bush, Milwaukee, Wis., for plaintiff.

Charles P. Magyera, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action originally came before the court on motions for summary judgment to determine whether the plaintiff was entitled to attorneys' fees under section 706(k) of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(k), as the prevailing party in a sex discrimination suit brought before the Wisconsin Equal Rights Division. On January 27, 1983, this Court determined that the plaintiff was entitled to an award of attorneys' fees incurred in pursuing her discrimination charge through the state administrative channels. Not submitted as part of

this requested award were those attorneys' fees incurred in seeking said award. Accordingly, on February 4, 1983, the plaintiff filed the present motion to include within the original fee award those sums expended in obtaining such relief.

In prevailing on her state discrimination charge, the plaintiff recovered $624.26. By decision and order of this Court, the plaintiff was awarded reasonable attorneys' fees incurred in that state action in the amount of $1,827.00. The plaintiff now requests additional attorneys' fees of $1,436.00 for bringing this federal court action.

The defendant reiterates the arguments it put forth in opposing the original fee request and urges that a further fee award, in itself and in addition to the earlier award of $1,827.00, is disproportionate to the plaintiff's recovery of $624.26 on the merits.

■ I find the plaintiff's additional fee request to be reasonable and justified in this case. Although the magnitude of the financial recovery is a relevant factor in assessing a fee request, it is not a determinative one. In granting the plaintiff's motion for summary judgment in this action to recover attorneys' fees, I concluded that the plaintiff had prevailed on the core of the complaint. I do not now change my opinion. Under the circumstances of this case, that the plaintiff's monetary award on the merits was small does not render this assessment of reasonable attorneys' fees substantially unfair.

This result finds additional support in the fact that the fees sought in the instant motion were incurred by the plaintiff in successfully litigating her entitlement to attorneys' fees under the Civil Rights Act. The Seventh Circuit has explicitly held that "prevailing plaintiffs under [42 U.S.C. § 1988] are properly entitled to fee awards for time spent litigating their claim to fees." *Bond v. Stanton,* 630 F.2d 1231, 1235 (7th Cir.1980). I believe this principle is equally applicable to suits to recover attorneys' fees under Title VII. *See Chrapliwy*

*v. Uniroyal, Inc.,* 509 F.Supp. 442, 454 & n. 3 (N.D.Ind.1981).

Thus, I hold that the plaintiff is entitled to a supplemental award of attorneys' fees for successfully litigating the plaintiff's entitlement to a fee award under 42 U.S.C. § 2000e–5(k). I further find upon review of the affidavit submitted by plaintiff's counsel, Thomas E. Bush, that the request for $1,436.00 is both reasonable and appropriate. Aside from an objection to the general disparity of the fees in toto relative to the recovery, the defendant does not attack the reasonableness of attorney Bush's time log. In attorney Bush's affidavit, the 21.8 hours spent in contesting the attorneys' fees issue are described in sufficient detail in eighteen separate items. Moreover, the hourly rates of $70.00 for Mr. Bush and $50.00 for his employee, attorney Robert M. Courtney, both are appropriate in this case. Attorney Courtney worked 4.5 hours and Attorney Bush 17.3 hours, for a total sum of $1,436.00.

THEREFORE, IT IS ORDERED that the plaintiff's motion for supplemental attorneys' fees is granted.

IT IS FURTHER ORDERED that the judgment entered in this case on January 27, 1983 be amended to include an additional $1,436.00 in attorneys' fees.